Slip Op. 12-61

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KYD, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. <br><br> POLYETHYLENE RETAIL CARRIER BAG COMMITTEE, HILEX POLY CO., LLC, and SUPERBAG CORPORATION, <br><br> Defendant-Intervenors. | Before: Donald C. Pogue, Chief Judge <br><br> Court No. 09-00034 |

**OPINION**

[Denying Plaintiff's Motion for Reconsideration.]

Dated: May 8, 2012

David John Craven, Riggle and Craven, of Chicago, IL, for Plaintiff.

Carrie Anna Dunsmore, Renee A. Gerber, Stephen Carl Tosini and Vincent dePaul Phillips, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With them on the brief were Stuart Delery, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director. Of counsel on the brief were Rachel Elizabeth Wenthold and Scott McBride, Attorneys, U.S. Department of Commerce, of Washington, DC.

Daniel Lawrence Schneiderman and Stephen Andrew Jones, King & Spalding LLP, of Washington, DC, for Defendant-Intervenors.

**Pogue, Chief Judge:** This opinion addresses a motion

Court No. 09-00034                                                  Page 2

filed by Plaintiff KYD, Inc. ("KYD") seeking reconsideration of Slip Op. 12-10, KYD, Inc. v. United States, 36 CIT __, 807 F. Supp. 2d 1372 (2012) ("KYD IV").[1]  KYD IV affirmed the Department of Commerce's ("Commerce") Second Final Remand Redetermination Results ("Second Remand Results") imposing a 94.62 percent adverse facts available ("AFA") antidumping duty rate upon KYD's entries of certain retail carrier bags ("carrier bags") from Thailand. See KYD IV, 807 F. Supp. 2d at 1377–78.

Plaintiff claims that in KYD IV, the Court failed to address Plaintiff's argument that the 94.62 percent AFA rate violated the excessive fines and forfeitures clause of the 8th Amendment of the U.S. Constitution, and therefore failed to rule on all issues before the court.

For the reasons discussed below, Plaintiff's motion is denied.

**STANDARD OF REVIEW**

A USCIT Rule 59 motion for reconsideration will be granted,

> only in limited circumstances, including [instances of] 1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

---

[1] See Pl.'s Mem. Supp. Mot. Recons. Ct.'s Order in Slip Op. 12-10, ECF No. 125 ("Pl.'s Mot.").

Target Stores v. United States, 31 CIT 154, 156, 471 F. Supp. 2d 1344, 1347 (2007).

It follows that a motion for reconsideration will not be granted "merely to give a losing party another chance to re-litigate the case." Totes-Isotoner Corp. v. United States, 32 CIT 1172, 580 F. Supp. 2d 1371, 1374 (2008) (citation omitted); see also Tianjin Magnesium Int'l. Co., v. United States, No. 09-00535, 35 CIT __, 2011 WL 4433102, at *1 (2011).

## **DISCUSSION**

Plaintiff contends that it raised an 8th Amendment issue during the first administrative remand, claiming that Commerce's selection of a 122.88 percent AFA rate for KYD's merchandise was punitive rather than remedial. Pl.'s Mot. at 2–3. Plaintiff argues that this rate inappropriately punishes it for the behavior of an uncooperative producer with which it did business, and that even the reduced 94.62 percent AFA rate selected in the Second Remand Results bears no relationship to KYD's offense. Pl.'s Mot. at 5–6.  Plaintiff claims that the court did not reach this 8th Amendment issue in ruling on the first remand redetermination because Commerce's determination was rejected on other grounds, but that the issue was still pending before the court during the second remand redetermination. Pl.'s Mot. at 7.

Court No. 09-00034 Page 4

### A. Exhaustion of Administrative Remedies

However, Plaintiff has failed to exhaust its administrative remedies with respect to this issue. Even though Plaintiff challenged the dumping margin that Commerce calculated in its second redetermination, see Draft Results of Redetermination Pursuant to Court Remand, A-549-821, ARP 06-07 (July 6, 2011), Remand R. Pub. Doc. 2 ("Draft Remand Results"); see also Comment on Draft Results of Redetermination, A-549-821, ARP 06-07 (July 18, 2011), Remand R. Pub. Doc. 9 ("Pl.'s Cmts. on Draft Remand Results"), Plaintiff did not claim, during that second remand proceeding, that the reduced dumping margin selected in the Second Remand Results violated the 8th Amendment. Def-Ints.'s Resp. in Opp. to KYD's Mot. for Recons. at 2, ECF No. 126 ("Def.-Ints.'s Br.").

A Plaintiff must exhaust its administrative remedies "where appropriate." See 28 U.S.C. § 2637(d). The exhaustion requirement serves to promote judicial efficiency and to protect the legitimate exercise of agency authority. Corus Staal BV v. United States, 502 F.3d 1370, 1379 (Fed. Cir. 2007). A plaintiff is "procedurally required to raise [an] issue before Commerce at the time Commerce was addressing the issue." Mittal Steel Point Lisas Ltd. v. United States, 548 F.3d 1375, 1383 (Fed. Cir. 2008). Because of this litigation's long history, with multiple remands, it is particularly appropriate for Plaintiff to be

required to exhaust its administrative remedies by challenging the reduced margin at issue in the second remand redetermination. It has failed to do so.

### B. Waiver of the Issue

Likewise, Plaintiff has waived this issue by not raising it before the court at the proper time.  Commerce issued the final results of its second redetermination on August 18, 2011.  In its September 9, 2011 comments, Plaintiff challenged the dumping margin selected in that second redetermination. Pl.'s Cmts. on the Department's Remand Determination, ECF No. 101.  However, Plaintiff did not raise an 8th Amendment issue in those September 9 comments. Id.; Def.'s Resp. to Pl.'s Mot. for Reconsideration at 3, 5, ECF No. 129 ("Def.'s Br."); Def.-Ints.'s Br. at 2.  Plaintiff states that it did challenge the 122.88 percent margin in the first redetermination on this basis. See Pl.'s Mot. at 6; Pl.'s Cmts. on First Redetermination (Sept. 29, 2010), ECF No. 73.  However, Plaintiff did not raise the same challenge to Commerce or this Court regarding the lower margin that was assessed during the second determination. Def.-Ints.'s Br. at 2.

"[A]ll claims, arguments, and objections that [a Plaintiff has] elected not to address in its post-remand briefs must be deemed waived." Bond Street, Ltd. v. United States, 35 CIT __, 774 F. Supp. 2d 1251, 1261 (2011).  Plaintiff was

therefore obligated to raise its 8th Amendment issue before this court in its September 9, 2011 comments on the second remand results.[2] Moreover, for the reasons articulated in Part C below, this is not a case involving such "significant questions of general impact or of great public concern" as to excuse such a waiver. Cf. Ninestar Tech. Co. v. Int'l Trade Comm'n, 667 F.3d 1373, 1382 (Fed. Cir. 2012) (quoting Interactive Gift Express, Inc. v. Compuserve Inc., 256 F.3d 1323, 1345 (Fed. Cir. 2001)). Thus, the Court did not fail to rule on the 8th Amendment issue because Plaintiff did not raise the issue properly following the second remand results.

### C. Merit

Finally, even if the issue had not been waived, Plaintiff's claim lacks merit:

> antidumping laws "are remedial not punitive,". . .an antidumping rate based on AFA is designed "to provide respondents with an incentive to cooperate, not to impose punitive . . . margins," DeCecco, 216 F.3d at 1032. For that reason, an AFA dumping margin determined in accordance with the statutory requirements is not a punitive measure, and the limitations applicable to punitive damages assessments therefore have no pertinence to duties imposed based on lawfully derived margins such as the margin at issue in this case.

---

[2] Plaintiff waives an argument which was not presented to the court "until after it had filed its principal summary judgment brief, . . . [because] parties must give a trial court a fair opportunity to rule on an issue other than by raising that issue for the first time in a reply brief[.]" Novosteel SA v. United States, 284 F.3d 1261, 1274 (Fed. Cir. 2002).

KYD, Inc. v. United States, 607 F.3d 760, 767–68 (Fed. Cir. 2010)("KYD II").

It follows that any 8th Amendment issue has already been foreclosed because "[a] statutorily proper AFA rate is remedial rather than punitive, and a 'punitive' rate is statutorily improper." KYD, Inc. v. United States, 35 CIT __, 779 F. Supp. 2d 1361, 1384 n.24 (2011) ("KYD III") (citations omitted).

Finally, by ruling that the margin Commerce calculated in the second determination complies with the statute, KYD IV confirmed that the rate was remedial in nature. Def.-Ints.'s Br. at 3; see also S. Shrimp Alliance v. United States, 33 CIT __, 617 F. Supp. 2d 1334, 1340 (2009); Nat'l Knitwear & Sportswear Ass'n v. United States, 15 CIT 548, 558, 779 F. Supp. 1364, 1372 (1991). KYD IV determined that the antidumping rate applied to Plaintiff's merchandise "could reasonably be accepted as an approximation of KYD's rate, albeit with a built in increase intended as a deterrent to non-compliance." KYD IV, 807 F. Supp. 2d at 1378.

The rate is reasonably remedial and is intended to aid the enforcement of tariff regulations rather than to serve as a punitive sanction. See One Lot Emerald Cut Stones & One Ring v. United States, 409 U.S. 232, 237, 93 S. Ct. 489, 493 (1972) (customs statute permitting the civil sanction of forfeiture is

Court No. 09-00034                                                Page 8

remedial, not punitive).  Because the AFA rate selected by Commerce is remedial and not punitive, it cannot violate the 8th Amendment.

## CONCLUSION

For the reasons discussed above, the court denies Plaintiff's motion.

It is **SO ORDERED**.

                                                      /s/ Donald C. Pogue
                                        Donald C. Pogue, Chief Judge

Dated: May 8, 2012
     New York, N.Y.